UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON HURD (#354776)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 12-289-SDD-SCR

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Before the court is the plaintiff's Motion for Appointment of Counsel. Record document number 14.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Capt. Sharp, Capt. Morgan, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams.[1] Plaintiff alleged that the defendants harassed and threatened him, subjected him to an excessive use of force, denied him access to medical treatment and issued him a false disciplinary report in violation of his constitutional rights. Plaintiff sought prospective injunctive relief only.

Plaintiff's complaint is neither factually nor legally complex. Plaintiff succinctly set out the factual basis for his claim. Liberally construed, the plaintiff alleged that during a routine search of his cell on December 25, 2011, Sgts. Free and

---

[1] Capt. Sharp, Capt. Morgan, Sgt. Free, Sgt. Williams, Corporal Steward and Maj. Williams were not served with the summons and complaint. Record document number 10.

Williams discovered contraband in his cell. Plaintiff alleged that after the search, the two corrections officers issued him a disciplinary report and threatened to harm him. Plaintiff alleged that Sgt. Williams then gave Sgt. Free a "flip blade" which he stuck in the plaintiff's cell and Sgt. Free said he would kill the plaintiff if he could. Plaintiff alleged that when he complained to Cpl. Steward about the incident, Cpl. Steward just laughed. Plaintiff alleged that he wrote letters to all the wardens, including Warden Cain, but no one did anything to assist the plaintiff.

Plaintiff alleged that on January 26, 2012, Capt. Sharp ordered him placed in the shower and he was issued a disciplinary report for a sex offense. Plaintiff alleged that he was "jumped on" by Capt. Sharp and Capt. Morgan. Plaintiff alleged that Capt. Sharp dragged him by his leg shackles down the walk while Capt. Morgan hit him on the head. Plaintiff alleged that he was taken to the infirmary but the emergency medical technicians ("EMT") would not help him or contact investigative services. Plaintiff alleged that he wrote a letter to investigative services but no one contacted him.

Plaintiff alleged that on January 31, 2012, he was placed in segregation after being issued a disciplinary report accusing him of grabbing restraints from correctional officer Borland. Plaintiff alleged that Sgt. Free threw his personal property away.

Plaintiff alleged that on February 19, 2012, Capt. Morgan

threatened to kill him.  Plaintiff alleged that on March 2, 2012, Sgt. Williams threatened to "mess [him] over."

Plaintiff alleged that on May 9, 2012, Capt. Morgan sprayed him with a chemical agent without provocation.  Plaintiff alleged that he was taken to the infirmary following the incident but was not permitted to take a shower.  Plaintiff alleged that after returning from the infirmary, Capt. Morgan struck him on the arm.  Plaintiff alleged that his requests to be taken back to the infirmary were denied.

Plaintiff alleged that on May 13, 2012, Cpl. Steward, Capt. Sharp and Capt. Morgan told him things would get worse for him if he did not stop writing letters and filing administrative grievances.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

Plaintiff appears capable of adequately investigating his case.  He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's motion for appointment of counsel is denied.

Baton Rouge, Louisiana, June 7, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE