UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON HURD(#354776)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 12-289-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 2, 2013.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANNON HURD(#354776)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 12-289-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why the complaint should not be dismissed for failure to serve defendants Capt. Sharp, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 20.

**I. Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Capt. Sharp, Maj. Williams, Sgt. Free, Sgt. Williams and Cpl. Steward.[1]  Plaintiff alleged that the defendants harassed and threatened him, subjected him to an excessive use of force, denied him access to medical treatment and issued him a false disciplinary report, all in

---

[1] Plaintiff also named Capt. Terry Morgan as a defendant but subsequently moved to dismiss the claims against him.  Record document number 18.  On July 19, 2013, the plaintiff's motion to dismiss his claims against Capt. Morgan was granted.  Record document number 19.

violation of his constitutional rights. Plaintiff sought prospective injunctive relief only.

Plaintiff was ordered to show cause on November 15, 2013, why the complaint should not be dismissed as to defendants Capt. Sharp, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams for failure to serve the defendants within the time allowed by Rule 4(m), and was placed on notice that the failure to comply with the order may result in the dismissal of the complaint as to Capt. Sharp, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams. Plaintiff failed to respond to the order to show cause.

## II. Applicable Law and Analysis

**A. Rule 4(m)**

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice...." *Id*.  In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).  It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure.  *Id*.

A review of the record showed that  Capt. Sharp, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams were not served with the summons and complaint.  According to the U.S. Marshal Service Process Receipt and Return 285-Form, service was not accepted for defendants Capt. Sharp and Sgt. Free because they are no longer employed by the Louisiana Department of Corrections.  Nor was service accepted for Sgt. Williams, Cpl. Steward and Maj. Williams

3

because first names were not provided.[2]  Plaintiff was given notice that service was not made on these defendants.[3]  In addition, the plaintiff was provided a second notice in the Ruling on Motion for Appointment of Counsel issued June 7, 2013 that these defendants had not been served.[4]

The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has not shown good cause for failure to timely effect service.

**B. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

---

[2] Record document number 10.

[3] Record document number 10.

[4] Record document number 16, p. 1, n. 1.

4

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named Warden N. Burl Cain as a defendant but failed allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims against Warden Cain have no arguable basis in fact or in law, the complaint should

5

be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as to Warden Cain.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Capt. Sharp, Sgt. Free, Sgt. Williams, Cpl. Steward and Maj. Williams be dismissed for failure to timely serve these defendants pursuant to Rule 4(m), Fed.R.Civ.P.[5]

It is the further recommendation of the magistrate judge that the claims against Warden N. Burl Cain be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and this action be dismissed.

Baton Rouge, Louisiana, December 2, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] While a dismissal under Rule 4(m) is without prejudice, because a re-filed complaint against these defendants would be untimely the dismissal would effectively be a dismissal with prejudice. Nonetheless, the plaintiff's claims against these defendants should be dismissed since he was given three notices that service was not made on them and he failed to take any action to have them timely served, e.g. by providing the U.S. Marshal with the defendants' current addresses and first names. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).